CITY OF CINCINNATI, APPELLANT, *v.* PUBLIC UTILITIES
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *Cincinnati v. Pub. Util. Comm.* (1992), 64 Ohio St.3d 279.]

(No. 91–1652—Submitted May 6, 1992—Decided August 12, 1992.)

*Fay D. Dupuis,* City Solicitor, *James F. McCarthy III, Mark S. Yurick, William M. Gustavson* and *Richard Ganulin,* for appellant city of Cincinnati.

*Lee I. Fisher,* Attorney General, *James B. Gainer, Duane W. Luckey* and *Jeffrey D. Van Niel,* for appellee Public Utilities Commission of Ohio.

*James J. Mayer* and *Michael A. Gribler; Squire, Sanders & Dempsey, Alan P. Buchmann, Arthur E. Korkosz* and *Debra J. Horn,* for intervening appellee Cincinnati Gas & Electric Company.

*Marvin I. Resnik* and *James R. Bacha; Porter, Wright, Morris & Arthur, Samuel H. Porter, Kathleen M. Trafford* and *Daniel R. Conway,* for intervening appellee Columbus Southern Power Company.

*Stephen F. Koziar, Jr.; Faruki, Gilliam & Ireland, Charles J. Faruki* and *Paul L. Horstman,* for intervening appellee Dayton Power & Light Company.

*Per Curiam.* We begin our review of this proceeding under the assumption, made by the commission below, that former chairman Chema engaged in improper *ex parte* communications with the utilities' CEOs.[4] The issue

---

4. We assume, without finding, that former Chairman Chema engaged in improper *ex parte* communications with the utilities' CEOs in order to review the basis of the commission's determination below. We note that R.C. 4903.081 only proscribes *ex parte* communications on the "merits of the case." The face of the June 25, 1985 memorandum does not establish that

presented is whether the former chairman's assumed conduct would warrant vacation of the order in PUCO No. 84–1187–EL–UNC.

The city argues that improper *ex parte* communications by one member of an administrative tribunal impermissibly taint the proceedings in which the improper conduct occurs and require vacation of the order issued therein. The appropriate remedy upon vacation is to remand the case to the administrative agency for reconsideration without the offending member participating. *American Cyanamid Co. v. Fed. Trade Comm.* (C.A.6, 1966), 363 F.2d 757; *Berkshire Emp. Assn. of Berkshire Knitting Mills v. Natl. Labor Relations Bd.* (C.A.3, 1941), 121 F.2d 235; and *Cinderella Career & Finishing Schools, Inc. v. Fed. Trade Comm.* (C.A.D.C.1970), 425 F.2d 583. The commission and the intervening appellees argue that improper *ex parte* communications do not automatically render an administrative order void, but voidable, and contend that vacation and reconsideration is an inappropriate remedy where, as here, the party complaining has not been prejudiced by the improper conduct. *Professional Air Traffic Controllers Org. v. Fed. Labor Relations Auth.* (C.A.D.C.1982), 685 F.2d 547, 564–565. We agree.

In considering whether the order issued in PUCO No. 84–1187–EL–UNC should be vacated, the current commission [5] conducted an independent review of the record in that proceeding, consistent with our reasoning in *Ohio Transport, Inc. v. Pub. Util. Comm.* (1955), 164 Ohio St. 98, 57 O.O. 108, 128 N.E.2d 22. There, appellant argued that the commission's chairman should have been disqualified from participating in the case by reason of his alleged prejudice against appellant. We found no such prejudice, but stated:

"[A]ssuming, for the sake of argument, that such prejudice existed we cannot say that it was prejudicial to the appellant. All three members of the Public Utilities Commission agreed on the facts in this case; the dissenting member differed only on the punishment. Even if the member alleged to have been prejudiced should not have participated, this court is of the opinion that the evidence before the commission amply supports the order it made." *Id.* at 108, 57 O.O. at 114, 128 N.E.2d at 29.

This reasoning finds support in other jurisdictions, including the leading case of *Professional Air Traffic Controllers, supra.* There, the court considered the effects of *ex parte* communications on a determination ren-

the merits of PUCO No. 84–1187–EL–UNC were discussed, and thus does not establish that the chairman's conduct was improper.

5. Four of the five commissioners who participated in PUCO No. 84–1187–EL–UNC, including the chairman, were no longer serving with the commission at the time this independent review was undertaken. The remaining commissioner recused himself from participating in this case.

dered by the Federal Labor Relations Authority. In finding that administrative orders are not rendered automatically void by such conduct, the court established a number of criteria to be considered in determining whether an order should be vacated. Among these criteria is "whether vacation of the agency's decision and remand for new proceedings would serve a useful purpose." *Id.*, 685 F.2d at 565. The court concluded that none of the parties had been prejudiced by the *ex parte* contacts which had taken place, and held that remand would be a futile gesture when the agency members who would reconsider the proceeding had already stated upon the record that they would support the original determination. *Id.* at 575. See, also, *Seebach v. Pub. Serv. Comm.* (App.1980), 97 Wis.2d 712, 724, 295 N.W.2d 753, 760 (*Ex parte* communication did not exert an improper influence on the Public Service Commission when its decision was based on the proper factors with ample supporting evidence. Remand "would be an empty solution where there is little likelihood of a changed outcome in this case."); *Ottawa v. Illinois Pollution Control Bd.* (1984), 129 Ill.App.3d 121, 84 Ill.Dec. 400, 472 N.E.2d 150 (a county agency which was tainted by improper *ex parte* contacts was nevertheless fully apprised of all relevant arguments in the case and its original determination [supported by 20–7 majority vote] would unlikely be affected by further proceedings); *E & E Hauling, Inc. v. Pollution Control Bd.* (1983), 116 Ill.App.3d 586, 607, 71 Ill.Dec. 587, 604, 451 N.E.2d 555, 572, affirmed (1985), 107 Ill.2d 33, 89 Ill.Dec. 821, 481 N.E.2d 664 (absent prejudice to appellant from the *ex parte* communication, reversal and remand "would appear neither appropriate nor productive.").

The city does not allege that the commission's order adopting the stipulation in PUCO No. 84–1187–EL–UNC is not supported by the record in that proceeding, and thus we cannot find that the city was prejudiced by the former chairman's conduct. *Ohio Transport, Inc., supra; Cincinnati v. Pub. Util. Comm.* (1949), 151 Ohio St. 353, 39 O.O. 188, 86 N.E.2d 10. Absent such prejudice, we too find that it would be a futile gesture to vacate the commission's order in PUCO No. 84–1187–EL–UNC, particularly when the current commission (which would be charged with reconsidering that case) has already reviewed the record made therein and concluded that it supports the previous commission's determination. Accordingly, we affirm the commission's dismissal of the city's complaint.

*Order affirmed.*

SWEENEY, Acting C.J., YOUNG, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

WILLIAM W. YOUNG, J., of the Twelfth Appellate District, sitting for MOYER, C.J.